# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DISIVION

**MATTHEW THORNTON**                                                                       **PETITIONER**
**ADC# 141948**

v.                    Case No. 4:21-cv-00662-BRW-JTK

**DEXTER PAYNE,** *Director*,
Arkansas Division of Correction                                                            **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the United States Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, Untied States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## DISPOSITION

For the reasons that follow, the undersigned recommends that the Petition for Writ of Habeas Corpus, Doc. No. 1, be denied and summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

Background

Petitioner is an inmate in the Arkansas Division of Correction under a sentence out of Crittenden County Circuit Court, Case No. 2015-566 for second-degree murder.[2] The instant habeas petition alleges that state and federal officials and judges are working

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Further, absent an IFP motion or payment of the $5 filing fee, this Court provisionally grants IFP for purposes of this petition.
[2] The Court takes judicial notice of the contents of the Arkansas Department of Corrections website that includes an inmate search.

together to deny pro se petitioners access to their criminal records, alleging these "corrupted officials can change the records to reflect whatever [they] want." He claims this "good old boy" system of judges, inclusive of the "8th Circuit Court of Appeals Judges, and the United States Supreme Court Jurists, and justices have only recently been ascertained to be also corrupt and working in conjunction with Arkansas "state" and "federal" officials to incriminate and keep American citizens illegally incarcerated."

Petitioner cites to a litany of examples and cases involving other inmates, namely one Ricky Ashley, that he state support his allegations.[3] He requests this court grant habeas to "inquire into the detention of any person pursuant to a judgment of a court in the United States[.]"

Discussion

Petitioner's habeas petition must be summarily rejected because he has offered no factual or legal grounds to support it. Nor does he challenge his federal custody or duration of his confinement. It is well-settled that the federal habeas corpus statutes provide a remedy for prisoners challenging the fact or duration of their confinement. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Otey v. Hopkins*, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). If a prisoner does not challenge the legal validity of his conviction or the length of his detention, then a habeas writ is not a proper remedy. *Kruger v. Erickson*, 77 F.3d 1071,

---

[3] Mr. Ricky Ashley is no stranger to this federal court. He has filed a litany of cases in this district and is a three-striker. This exact lawsuit is also filed in the name of other inmates in Case Nos. 4:21-cv-356-LPR-PSH; 4:21-cv-439-KGB-JTR; and 4:21-cv-658-KGB-JTK. They are all in the same handwriting, raise the exact same issues, and reference Mr. Ashley. The notices provided that reference requests made for payment of the filing fee likewise reference Mr. Ashley. These "coincidences" are not lost on the Court.

1073 (8th Cir. 1996) (per curiam). Thus, when a federal prisoner's claims do not challenge the fact or duration of his confinement, they may not be brought in a habeas petition.

Here, Petitioner's petition does not challenge the length of his detention and he is not challenging the validity of his conviction by asking to be released from confinement. Instead, Petitioner seeks habeas to challenge the detention of all persons in custody pursuant to a court judgment in the country. Habeas corpus is not an available remedy for the claim Petitioner is attempting to bring or the relief that he is seeking.

Conclusion

For the reasons outlined above, the Court recommends that the Petition for Writ of Habeas Corpus, Doc. No. 1, be denied and summarily dismissed as Petitioner's claim for relief cannot properly be raised in a § 2254 petition.

SO ORDERED THIS 21st day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE